RODGERS, Presiding Justice.
The appellant, Elton Dean Culver, was indicted by the Grand Jury of Lee County, Mississippi, on a charge of grand larceny. He was convicted and sentenced to serve a term of five (5) years in the state penitentiary.
From this conviction and sentence he has appealed to this Court and now contends that the trial court erroneously refused to grant a jury instruction of not guilty and that the trial court erroneously overruled his motion for a new trial, because it is said that the jury verdict of guilty was against the great weight of the testimony.
We have read the record and have studied the fine brief offered to sustain the appellant’s contention, but we are unable to agree with the appellant’s argument. We find no reversible error in this case.
*612 This is what happened. Early in the morning of March 22, 1971, Mr. T. C. Fortner, a filling station operator at Bissell in Lee County, Mississippi, was busily engaged in preparing his morning bank deposit. He found that he had one thousand one hundred and six dollars ($1,106.00) to be deposited. He had put the money and some credit card slips into a bank moneybag. Just as he had finished, a red Pontiac automobile with a white top drove up to one of the gasoline pumps. Mr. Fortner left the money sack and went out to the pump. He delivered two dollars ($2.00) worth of gas to the customer. There were two men in the automobile. It was later determined that these two men were defendant Elton D. Culver and Pete Murphy. The defendant Culver got out of the automobile and went into the enclosed part of the filling station through a door. This was the place where Mr Fortner left his money. The defendant admits that he opened the door and went inside, but says that when he discovered that there was no one in the room he left. He denies that he got the money. Mr Fortner says that when Mr. Culver came out he held his arm against his jacket. The defendant denied that he had a jacket. A soon as Mr. Fort-ner returned to the enclosed part of the filling station, he discovered that his money was gone. There was a back door to this enclosure, but that door was locked. Mr Fortner attempted to follow the red Pontiac, but failed. The officers were notified. They discovered the Pontiac and later the identity of the persons who were in the automobile. Along about the first of April, after the date of the loss of the money, Pete Murphy and two brothers of the defendant approached Mr. Fortner and advised him that they would pay him one thousand one hundred dollars ($1,100.00) to drop the charges. Mr. Fortner was anxious to get his money back, and he went to the justice of the peace to effect a settlement. The justice of the peace advised him that he could not settle the charge. The money was, however, given to Mr. Fortner. We are of the opinion that these facts above mentioned were sufficient to warrant the jury in returning a verdict of guilty of grand larceny against the defendant.
Affirmed.
PATTERSON, INZER, SMITH and SUGG, JJ., concur.